IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMAAR ALEXANDER BLAKEY,

        Defendant.

Criminal No. 21-0208
ELECTRONICALLY FILED

**MEMORANDUM OPINION**

Pending before the Court is Defendant's *pro se* Motion (ECF 95) and a counseled Motion (ECF 97) for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).[1] The legal basis for these Motions is the retroactive amendment to U.S.S.G. § 4A1.1 ("Amendment 821"), which eliminates the 2-point increase to a defendant's criminal history calculation for offenses committed while that defendant was under a criminal justice sentence (commonly referred to as "status points"). The Government filed a singular response to Defendant's two motions (ECF 100), making the matter ripe for disposition. Defendant's projected release date from Bureau of Prison's custody is January 29, 2025.

---

[1] Defendant filed his own motion on March 1, 2024. ECF 95. Defendant's *pro se* motion is a fill-in-the-blank form wherein he notes that "he was assessed criminal history points for being 'under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status' at the time of the offense (a.k.a. 'status points')." This information is contained in his counseled motion. ECF 97, p.1. Defendant's *pro se* form-motion also indicates that he has been a model inmate, has completed all tasks and requests made by his case manager, and has helped to tutor other inmates to achieve their GED's. All of this information is also contained in his counseled motion. ECF 97, p. 4.

1

**I. Background**

On June 30, 2009, United States District Court Judge Gustave Diamond sentenced Defendant to a term of imprisonment for 180 months and five years' supervised release for possession of a firearm and/or ammunition by a convicted felon. Doc. no. 69 at crim. no. 07-00205.  Defendant began his term of supervised release on March 20, 2020. See doc. no. 90 at crim. no. 07-00205.

On July 10, 2020, Defendant was involved in a domestic assault, which led his probation officer to request a modification to his supervised release conditions. Id. While state charges were pending in the domestic assault case, Defendant, on September 26, 2020, led the police on a high-speed car chase, ultimately crashing his vehicle into a utility pole, causing his car to burst into flames. Id. As he fled on foot, and after the fire was extinguished, the police recovered a .45 caliber handgun, loaded with a live round in the chamber and an extended magazine with 15 live rounds. Id. Defendant was indicted in the instant case for this criminal conduct on May 11, 2021, and a petition was filed by his probation officer at criminal number 07-00205 on October 10, 2020, based on this crime, for violating several conditions of his supervised release.

Defendant negotiated a single plea deal with the Government wherein he accepted responsibility for the new charges brought against him in the instant action, as well as for the violations of his supervised release at criminal number 07-00205. The plea agreement contained an 11(c)(1)(C) provision whereby the parties stipulated that the appropriate sentence in the instant case was three years' imprisonment, and an additional term of two years' imprisonment to run consecutive the three-year term at criminal number 07-00205.  This plea agreement also contained the following provision:

> Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines are subsequently lowered by the Sentencing Commission.

ECF 82-1, p. 5.  This Court sentenced Defendant to three years in the instant case followed by two years' imprisonment to be served consecutively at criminal number 07-00205 in accordance with the terms of the 11(c)(1)(C) provision of the plea agreement.  ECF 82 and ECF 82-1.[2]

**II. Analysis**

Title 18, United States Code, Section 3582(c)(2) indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence after considering the 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with the applicable policy statements issued by the Commission.  The policy statements at issue are set forth at U.S.S.G. § 1B1.10, which, allow this Court to reduce Defendant's sentence, at its discretion.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.  At step one, the Court is "to follow the Commission's instructions from U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826.  Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the Court shall substitute only the amendments listed

---

[2] Defendant's guideline range for the instant offense -- possession of a firearm and ammunition by a convicted felon -- was 30 to 36 months' imprisonment.  Defendant's guideline range for the supervised release violations at criminal number 07-00205 was 51-63 months' imprisonment.

in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

In *Hughes v. United States*, 584 U.S. 675, 687 (2018), the United States Supreme Court explained: "If the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement,' *Freeman*, *supra*, at 530, 131 S.Ct. 2685, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *See also Koons v. U.S.*, 584 U.S. 700, 705 (2018) (explaining, "[w]hen that happens—when the [Guidelines] ranges play no relevant part in the judge's determination of the defendant's ultimate sentence—the resulting sentence is not 'based on' a Guidelines range"); and *U.S. v. Michael*, 767 Fed. App'x. 328, 331-32 (3d Cir. 2019) (". . . here the record supports the conclusion that, although the advisory Guidelines ranges were calculated in the PSR, they were 'scrapped' in favor of the statutory mandatory minimum sentence, *Koons*, 138 S.Ct. at 1788, because the plea agreement provided for imposition of the statutory mandatory minimum sentence. Because the advisory Guidelines ranges did not form the basis for the sentence imposed, *id.*, Michael's § 3582(c)(2) motion for a reduction in sentence was properly denied.")

Turning to the instant matter, Defendant's waiver presents an additional factor for the Court to consider in addition to, and in conjunction with, the applicable case law referenced above. Defendant, as expressly stated in his plea agreement, specifically waived his right to file

the instant motions "seeking relief under 18 U.S.C. § 3582(c)(2)" even if "the Sentencing Guidelines were subsequently lowered by the Sentencing Commission." ECF 82-1, p. 5.

The identical waiver clause was found in another case this Court recently decided. See *United States v. Law*. In *Law,* the Court held:

> The instant Motion flies in the face of this portion of the binding plea agreement, and the Court declines to simply ignore that contractual promise made by Defendant. *See also U.S. v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024, J. Fischer) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 for multiple reasons, including because the defendant "expressly waived the right to file such motion as part of his plea agreement with the Government"); *U.S. v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024, J. Horan) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 in part because in the defendant's plea agreement, the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission" and defendant "is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.").

*United States v. Law,* No. CR 19-162-18, 2024 WL 2832919, at *3 (W.D. Pa. June 4, 2024).

In both the *Swindle* and *Portis* cases, Rule 11(c)(1)(C) plea agreements were in place, and their binding plea agreements – just like the plea agreements in *Law* and the instant matter – contained identical waiver clauses relative to the filing of § 3582(c) motions. In the *Swindle*, *Portis,* and *Law* cases, the District Courts noted that the defendants were bound by the plain language of their individual plea agreements, including the waiver clause, prohibiting them from filing the sentence reduction motions predicated on a change to the sentencing guidelines.

Just as this Court stated in *Law*, it is apparent to this Court that Defendant's *pro se* and counseled motions fly in the face of the waiver provision of his plea agreement. Because Defendant waived his right to file the instant motions to reduce his sentence predicated upon

5

revised sentencing guidelines, and because neither motion has set forth any basis to set aside the valid waiver, the Court will deny his motions.[3]

In addition to the above, the Court notes that its decision to accept the agreed-upon sentence set forth in the 11(c)(1)(C) portion of the plea agreement, was a decision this Court reached finding that the <u>total</u> time span of five years' imprisonment for both the new offense charged and the supervised release violations, was appropriate in light of the section 3553(a) factors. Notably, although three years' imprisonment was within the guideline range for the instant offense, and two years' imprisonment was significantly below the guideline range for the supervised release violations, this Court considered the consecutive nature of the three-year and two-year terms of imprisonment to be an appropriate sentence for the crime to which Defendant pled guilty in each case. Thus, because the guidelines range was not a relevant part of the analytic framework this Court used to determine the sentence or to approve the agreement, then Defendant's sentence cannot be said to have been based on the guideline range, and relief under § 3582(c)(2) is unavailable. *Hughes*, 584 U.S. at 687 citing *Freeman v. United States*, 564 U.S. 522, 530 (2011) ("§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement.").

---

[3] "Plea bargains are contracts between prosecutors and defendants." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). "Plea agreements, although arising in the criminal context, are analyzed under contract law standards." *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (cleaned up). "[W]e let defendants waive most of their individual rights because we treat plea bargains like contracts." *United States v. Yung,* 37 F.4th 70, 82 (3d Cir. 2022) (citation omitted).

The Supreme Court in *Freeman* further noted:

> What is at stake in this case is a defendant's eligibility for relief, not the extent of that relief. Indeed, even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate. District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a sentence reduction is warranted in any particular case. They may, when considering a § 3582(c)(2) motion, take into account a defendant's decision to enter into an 11(c)(1)(C) agreement. If the district court, based on its experience and informed judgment, concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence. This discretion ensures that § 3582(c)(2) does not produce a windfall.

*Freeman* at 532, holding modified by *Hughes v. United States,* 584 U.S. 675 (2018).

This Court accepted the binding plea agreement in this case because the Court found that a five-year sentence provided adequate and just punishment for Defendant's new offense in the instant case <u>and</u> for violating various terms and conditions of his supervised release in his prior case. Defendant not only received a substantial benefit by entering into this binding plea deal with respect to the guideline range for his supervised release offenses, but also because the Government could have sought a superseding indictment in the instant matter to charge Defendant as an armed career criminal, which would have laid the groundwork for a mandatory minimum sentence of fifteen years' imprisonment. In sum, Defendant benefitted from the Court's acceptance of the binding 11(c)(1)(C) plea agreement, requiring Defendant to serve a total of five years' imprisonment for the instant offense <u>and</u> the violations of Defendant's supervised release in criminal number 07-00205.

Finally, and additionally, the Court, based upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), finds that a sentence reduction of any amount is not warranted in this case. To the contrary, the Court determines that the 3-year term of

imprisonment in the instant case, and the 2-year term of imprisonment in case 07-00205 to run consecutive to the 3-years' imprisonment term remains sufficient, but not greater than is necessary, to comply with the goals of sentencing, as set forth in 18 U.S.C. § 3553(a)(2), including that the sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes.

### III. Conclusion

Based on the foregoing law and authority and given the set of facts present in this case, the Court will deny both Defendant's *pro se* and his counseled Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  An appropriate Order will follow.

s/Arthur J. Schwab  
ARTHUR J. SCHWAB  
United States District Judge

Dated: July 10, 2024

cc:     All ECF-registered Counsel of Record